NO. 07-04-0077-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 3, 2004



______________________________




DALE SUE JONES AND STANLEY RAY JONES, APPELLANTS



V.



TED SCOTT, M.D., ET AL., APPELLEES




_________________________________



FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-513,918; HONORABLE J. BLAIR CHERRY, JR., JUDGE (1)



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

NOTICE OF BANKRUPTCY


 Appellants Dale Sue Jones and Stanley Ray Jones perfected this appeal to
challenge the trial court's order dismissing their health care liability claim against appellees. 
Both the clerk's record and reporter's record have been filed. On November 19, 2004, the
Joneses filed a notice of bankruptcy. Attached to the notice is a "Chapter 13 Plan" from the
United States Bankruptcy Court for the Western District of Oklahoma bearing a file stamp
of August 12, 2004. Pursuant to 11 U.S.C. § 362, an automatic stay is imposed prohibiting
the commencement or continuation of any judicial actions or proceedings against a debtor. 


 Pursuant to Rule 8.2 of the Texas Rules of Appellate Procedure, the appeal is
suspended. (2) For administrative purposes, the appeal is removed from the docket and
abated. Any documents filed subsequent to the bankruptcy petition will remain pending
until the appeal is reinstated. The appeal will be reinstated upon proper showing from the
United States Bankruptcy Court for the Western District of Oklahoma that the stay has
been lifted and a request for specific action by this Court. Tex. R. App. P. 8.3(a).

 Accordingly, the appeal is abated.

 Per Curiam
1. The district clerk's certificate reflects that the Honorable Richard Dambold, sitting
by assignment, presided at trial.
2. Although the notice of bankruptcy does not include an authenticated copy of the
page reflecting the date the petition was filed as required by Rule 8.1(e), pursuant to Rule
2, we suspend the operation of subsection (3) and abate this appeal.



riority="9" SemiHidden="false"
 UnhideWhenUsed="false" QFormat="true" Name="heading 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00251-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



FEBRUARY
25, 2011

 



 

DONALD R. JOHNSON, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

 

NO. 2009-422,831; HONORABLE JIM BOB DARNELL, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant Donald
R. Johnson appeals from his jury conviction of the offense of assault on a
public servant and his resulting sentence of fifteen years of imprisonment.[1]  Through one issue, appellant contends the
trial court committed reversible error by denying his request for an
instruction on the lesser-included offense of resisting arrest.  We affirm.

 

 

Background

Appellant was
charged in a four-count indictment with the offenses of assault on a public
servant (two counts), aggravated assault on a public servant and robbery.[2]  The indictment included an enhancement
paragraph setting forth appellants previous felony conviction for burglary of
a habitation.[3]  The jury convicted appellant of robbery and
one count of assault on a public servant. 
On appeal, only the conviction for assault on a public servant is at
issue.  

Trial testimony
showed that Lubbock police officers responded to a burglar alarm at a Lubbock
pawn shop.  One of the responding
officers apprehended appellant outside the building.  That officer testified appellant repeatedly
hit her in the head and elsewhere as she attempted to arrest him.  Other testimony and medical records evidenced
injuries the officer suffered.

Appellant took the
stand and testified the officer tackled him and he dragged her while trying to
escape her grasp.  He asserted he never
hit the officer or in any way attempted to injure her.  He agreed his intent was only to resist
arrest.

 

 

 

Analysis

            In appellants sole issue on appeal,
he contends the trial court erred in denying his request that an instruction on
the lesser-included offense of resisting arrest be included in the courts
charge to the jury.  We disagree. 

Standard of Review

If facts are
elicited during trial that raise an issue of a lesser-included offense and a
charge is properly requested, then a charge on the issue must be given.  Ross v. State, 861
S.W.2d 870, 877 (Tex.Crim.App. 1992).  The Court of Criminal Appeals has established
a two-pronged test to determine whether a defendant is entitled to a charge on
a lesser-included offense.  Hall v. State, 225 S.W.3d 524, 535 (Tex.Crim.App.
2007); Skinner v. State, 956 S.W.2d 532, 543 (Tex.Crim.App.
1997).  See also Aevalo v. State, 943 S.W.2d 887, 889 (Tex.Crim.App. 1997); Royster
v. State, 622 S.W.2d 442 (Tex.Crim.App.
1981).  First, the lesser-included
offense must be included within the proof necessary to establish the offense
charged, and, second, some evidence must exist in the record that would permit
a jury rationally to find that if the defendant is guilty, he is guilty only
of the lesser offense.  Hall, 225 S.W.3d at 535-36; Skinner, 956 S.W.2d at
543, citing Rousseau v. State, 855 S.W.2d 666, 673 (Tex.Crim.App.
1993).  See also Moore v.
State, 969 S.W.2d 4 (Tex.Crim.App. 1998).

The first step of
our analysis is one of law.  Hall,
225 S.W.3d at 535. 
The Code of Criminal Procedure defines an offense as a lesser-included
offense if: (1) it is established by proof of the same or less than all the
facts required to establish the commission of the offense charged; (2) it
differs from the offense charged only in the respect that a less serious injury
or risk of injury to the same person, property, or public interest suffices to establish its commission;
(3) it differs from the offense charged only in the respect that a less
culpable mental state suffices to establish its commission; or (4) it consists
of an attempt to commit the offense charged or an otherwise included offense.  Tex. Code Crim. Proc. Ann.
art. 37.09 (West 2006).  See also Hall, 225 S.W.3d at 536, Irving
v. State, 176 S.W.3d 842, 845 (Tex.Crim.App.
2005).   Whether an offense falls within
this definition does not depend on the evidence to be produced at trial, but
rather is performed before trial by comparing the elements of the offense as
they are alleged in the indictment or information with the elements of the
potential lesser-included offense.  Hall, 225 S.W.3d at
535-36.  

The indictment alleged that appellant, on that
occasion, did then and there intentionally, knowingly, and recklessly cause bodily injury to [the officer] by striking the said
[officer] with defendants hand and the said [officer] was then and there a
public servant lawfully discharging an official duty, and the said defendant
knew the said [officer] was a public servant. 
Conviction of the offense as charged thus required the State to prove
appellant intentionally, knowingly or recklessly caused bodily injury to the
officer, knowing her to be a public servant
lawfully discharging an official duty. Tex. Penal Code Ann. § 22.01(a), (b)(1) (West 2009). 

By
contrast, the elements of the offense of resisting arrest
are that a person (1) intentionally prevents or obstructs; (2) a person he
knows is a peace officer; (3) from effecting an arrest of the actor; (4) by using force
against the peace officer. Dunklin v. State, 194 S.W.3d 14, 22 (Tex.App.--Tyler
2006, no pet.) (citing Tex. Penal Code Ann. § 38.03(a)
(West 2003)). Assault on a public servant is a felony offense.
Tex. Penal Code
Ann. § 22.01(b) (West 2009). Resisting
arrest is typically a misdemeanor offense. Tex. Penal Code
Ann. § 38.03(c) (West 2009).

The court in Gilmore v. State, 44 S.W.3d 92, 95-96 (Tex.App.Beaumont 2001, pet. refd),
addressed a contention like that made by appellant here.  Although the courts analysis does not
entirely follow the cognate pleadings approach later adopted by the Court of
Criminal Appeals in Hall, 225 S.W.3d
at 535-36, its analysis is instructive. 
Comparing the elements of the alleged lesser-included offense of
resisting arrest with those of assault of a public servant, the court noted
first that the assault offense permitted conviction on a knowing or reckless
culpable mental state whereas resisting arrest proscribes only intentional
conduct.  Gilmore, 44 S.W.3d at 96.  The same can be said of the assault of which
appellant was convicted.  

The court in Gilmore also noted that resisting arrest requires proof the peace
officer was in the process of effecting an arrest, search, or transportation of
the actor when the actor uses "force" to "prevent or
obstruct" the attempted conduct; in contrast, the assault offense requires
the public servant be "lawfully discharging an official duty," which
may or may not involve an arrest.  Gilmore, 44 S.W.3d at 96. 


Because
resisting arrest thus requires proof of facts different than those required to
prove the charged assault, resisting arrest would not have been a
proper lesser-included offense of assaulting a public servant. See Dunklin, 194 S.W.3d at 22
(trial court did not err by denying requested instruction on resisting arrest
during trial on aggravated assault of public servant). Appellant has failed to satisfy the first
prong of the test. It follows, then, that the trial court did not err by
denying appellants requested jury instruction on the lesser offense
of resisting
arrest.

            We
overrule appellants sole issue and affirm the judgment of the trial court.

 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

 

Do not publish.

 

 








 











[1]   Appellant
was also convicted of robbery and sentenced to twenty-five years of
imprisonment.  That conviction and
sentence is not at issue in this appeal. 






[2] See Tex. Penal Code Ann. § 22.01(b)(1) (West 2009) (assault on a public servant); Tex. Penal
Code Ann. § 22.02 (West 2009); (aggravated assault on a public servant); and
Tex. Penal Code Ann. § 29.02 (West 1994) (robbery).

 





[3] Appellant plead
true to the enhancement.